UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIHONG MA,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; et al.,<br><br>        Defendants. | Civil No.07CV0033 JAH(POR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' ALTERNATIVE MOTION TO REMAND [DOC. # 8]** |

## INTRODUCTION

Pending before this Court is the motion of defendants Michael Chertoff, Secretary of the Department of Homeland Security; Emilio T. Gonzales, Director; and Robert S. Mueller, Director of the Federal Bureau of Investigation (collectively "defendants") to dismiss or remand the instant case. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES defendants' motion to dismiss and GRANTS defendants' alternative motion to remand.

## BACKGROUND

Plaintiff Shihong Ma ("plaintiff"), a native of China and a lawful permanent resident of the United States, applied to the United States Citizenship and Immigration Services ("USCIS") for naturalization on March 23, 2006 and, on July 6, 2006, successfully passed her naturalization interview. Compl. ¶ 8; Mot., Exh. A ¶ 8. On

December 29, 2006, plaintiff was informed that USCIS could not adjudicate her application because her background check was not complete. Compl ¶ 10, Exh. 3. Plaintiff filed the instant complaint on January 4, 2007, pursuant to 8 U.S.C. § 1447(b), seeking this Court's adjudication of her naturalization application or for an order directing USCIS to immediately adjudicate her application. *See* Compl. ¶ 14.

On March 9, 2007, defendants moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted or, in the alternative, to remand the complaint to the USCIS with instructions to adjudicate plaintiff's application once her background check has been completed. Plaintiff filed an opposition to the motion on April 26, 2007 and defendants filed a reply on May 3, 2007. The motion was subsequently taken under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

**1.    Legal Standard**

The "sole authority to naturalize persons as citizens of the United States" rests with the Secretary of the Department of Homeland Security ("DHS"). 8 U.S.C. § 1421(a). An applicant must satisfy various requirements to qualify for citizenship and the UCSIS is required to conduct a personal investigation of the person applying for naturalization consisting, at a minimum, of a review of all pertinent records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Title 8, United States Code, Section 1447(b) requires the UCSIS to grant or deny a citizenship application within 120 days after the date "on which the examination is conducted under" Section 1446. If the UCSIS fails to act upon the application within the 120 day period, the applicant may seek a hearing on the matter in federal district court. Id. Section 1447(b) provides that the district court may either (1) make its own determination of whether the requirements for citizenship have been met; or (2) remand the matter to the agency with instructions to adjudicate the application. Id.; *see* United States v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004).

//

//

2. **Analysis**

    a. **Motion to Dismiss**

Defendants initially move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure but present no argument or authority pursuant to that rule other than a general statement indicating plaintiff's complaint fails to state a claim upon which relief may be granted. *See* Mot. at 1, 3. Defendants argue that plaintiff fails to state a claim because this Court does not have enough information to decide the naturalization application at this time. Id. at 3 ("because the facts of this case do not place the district court in a position to decide the application, Plaintiff has failed to set forth a claim ..."). Although defendants adamantly dispute the instant motion seeks dismissal based on lack of subject matter jurisdiction under Rule 12(b)(1), this Court notes that defendants reference documents outside the pleadings which they contend can be properly reviewed on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Id. at 2 n.1; *see* Reply at 1. However, because this Court clearly has subject matter jurisdiction under 8 U.S.C. § 1447(b) and plaintiff has properly stated a claim when she invoked Rule 1447(b) after the 120 day period elapsed, this Court finds that dismissal under either Rule 12(b)(6) or Rule 12(b)(1) is not warranted. Accordingly, defendants' motion to dismiss is DENIED.

    b. **Motion to Remand**

It is undisputed that more than 120 days have elapsed since plaintiff's naturalization interview was conducted by UCSIS. Plaintiff, in her complaint, properly invokes Section 1447(b), seeking this Court's adjudication of the naturalization application or, alternatively, an order requiring the USCIS to immediately adjudicate her application. Defendants contend that this Court is not in a position to decide the application at this time and seek remand of the instant case to the UCSIS with instructions to expeditiously adjudicate the application after the background investigation has been completed.

//

Defendants contend that plaintiff's request for this Court's adjudication of her naturalization application should be denied in favor of remand because "the facts of this case do not place the district court in a position to decide the application." Mot. at 4. In determining that remand is the more appropriate option when faced with an identical situation as here, one court in this District recently explained that:

> In immigration matters, the executive branch is accorded great deference, as evidenced by the statutory and regulatory schemes established for processing citizenship applications. Neither the [USCIS] nor the district court is sufficiently informed to decide an application until the FBI completes the required criminal background check to determine whether an applicant presents any national security ro public safety risk, nor are they equipped to conduct such investigations themselves.

Ghazal v. Gonzales, 2007 WL 1917444 *3 (S.D.Cal. June 14, 2007)(Burns. J.)(internal citations omitted). The court further explained that:

> [w]hen the delay in the decision results from the FBI's investigative process, this court finds it is inappropriate to make a citizenship determination before that information is known, absent abusive or egregious circumstances not present on this record."

Id. This Court finds the Ghazal court's reasoning persuasive. Here, because plaintiff's background investigation is not yet complete, this Court finds that remand is the appropriate option in this case. This Court further finds that the USCIS is the appropriate decision-making authority for determining whether to grant or deny plaintiff's naturalization application.

Plaintiff, alternatively, seeks remand but with an order requiring the USCIS to immediate adjudicate her naturalization application or pursuant to a set timetable for completion. *See* Compl. ¶ 14; Opp. at 8-9. The court, in Ghazal, upon presentment of a similar request, "decline[d] to impose particular deadlines for completion of the FBI checks or the naturalization decision," noting that the plaintiff would not be deprived of judicial review because he could still seek *de novo* review under 8 U.S.C. § 1421(c) should his application be administratively denied. Id. Again, this Court finds the Ghazal court's reasoning sound and applicable in this case. As the Ghazal court found, because "'only the FBI and the [USCIS] are in a position to know what resources are available to conduct

the background checks and whether an expedited background check is feasible or efficient in a particular case,'" this Court declines to impose a definitive deadline for either the completion of plaintiff's background investigation or the naturalization decision. <u>Ghazal</u>, 2007 WL 1917444 at *3 (quoting <u>Shalabi v. Gonzales</u>, 2006 WL 3032413 *5 (E.D.Mich. Oct. 23, 2006)). Accordingly, defendants' motion to remand to the USCIS with instructions to expeditiously adjudicate plaintiff's naturalization application after the background investigation is completed is GRANTED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is **DENIED**;
2. Defendants' alternative motion to remand is **GRANTED**;
3. This matter is **REMANDED** to the USCIS with instructions to make a determination on plaintiff's naturalization application as expeditiously as possible after the completion of her background investigation; and
4. The Clerk of Court shall terminate this action in its entirety.

DATED: August 27, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge